UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

MASON CLASSICAL ACADEMY,
INC., a Florida non-profit corporation,
KELLY LICHTER, individually, and
DAVID BOLDUC, individually,

    *Plaintiffs,*

v.

LARRY ARNN, individually, *et al.*,

    *Defendants.*
_____/

Case No. 2:22-cv-00513-JLB-NPM

Judge John L. Badalamenti

**DEFENDANT BENJAMIN H. YORMAK'S RESTATED MOTION
FOR SANCTIONS AGAINST PLAINTIFFS AND PLAINTIFFS'
COUNSEL UNDER RULE 11, FED. R. CIV. P.,
AND SUPPORTING MEMORANDUM OF LAW**

Defendant Benjamin H. Yormak ("Yormak"), through undersigned counsel, hereby moves this Court for the issuance of sanctions against Plaintiffs Mason Classical Academy, Inc. ("MCA"), Kelly Lichter ("Lichter"), and David Bolduc ("Bolduc") (collectively, "Plaintiffs"), and Plaintiffs' Counsel, Turkel Cuva Barrios, P.A., including without limitation, an award of fees and costs to Yormak, reflecting expenses in defending against the frivolous claims brought by Plaintiffs against Yormak in the Plaintiffs' First Amended Complaint ("FAC") and the original complaint. The allegations against Yormak have no evidentiary support whatsoever, as a careful reading of the FAC amply demonstrates, and none of the claims asserted against Yormak are warranted under existing law, or the extension, modification, or

1

reversal of existing law.

This Restated Motion for Sanctions is being filed 21 days after service of this document on Plaintiffs.

Before Plaintiffs filed their First Amended Complaint, on November 14, 2022, Yormak served on Plaintiffs an initial Motion for Sanctions, making many of the same arguments that he makes below. That prior Motion for Sanctions is sufficient to support an award of sanctions under Rule 11, Fed. R. Civ. P., in light of Plaintiffs' reassertion of the same counts, with one exception[1], against Yormak in their FAC. Nevertheless, out of an abundance of caution, Yormak serves this second, Restated Motion for Sanctions on Plaintiffs after their filing of the FAC, which did not remedy any of the sanctionable defects pointed out in Yormak's original Motion for Sanctions, and, indeed, it actually repeated the sanctionable conduct more recklessly than before.

## RULE 11 STANDARD

Rule 11 of the Federal Rules of Civil Procedure makes every signature on a pleading, motion or other paper filed with the court a "certification of merits" of the document signed and authorizes sanctions for violation of the certification. By signing a paper filed with the court, an attorney certifies the following:

(1) the pleading, motion or paper is not presented for any improper purpose;

(2) the claims, defenses and other legal contentions contained in the pleading,

---

[1] Plaintiffs' FAC dropped a count for breach of Florida's Deceptive and Unfair Trade Practices Act (Fla. Stat. § 501.201 *et seq.*), Count XV of Plaintiff's original complaint.

motion or paper are warranted under existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

    (3)  the allegations and other factual contentions have evidentiary support; and

    (4)  the denials of factual contentions are warranted on the evidence.

Fed. R. Civ. P. 11(b)(1) – (4).

The central purpose of Rule 11 is to streamline litigation by excluding baseless filings in the federal courts. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393 (1990); *Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1542 (9th Cir. 1986). This certification is designed to create an affirmative duty of investigation both as to law and as to fact. *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 550 (1991). Bad faith is not required for a finding of a Rule 11 violation; inexperience and incompetence may all contribute to a violation. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986); *Cabell v. Petty*, 810 F.2d 463, 466 (4th Cir. 1987); *Boone v. JP Morgan Chase Bank*, 447 Fed. Appx. 961 (11th Cir. 2011).

Rule 11 sanctions are warranted if the charges in a pleading are not "well grounded in fact" or are not "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Thus, if the charges in a pleading are baseless and made without reasonable factual and legal inquiry, an imposition of sanctions under the "frivolousness" prong of Rule 11 is justified. *In re Grantham Bros.*, 922 F.2d 1438, 1442 (9th Cir. 1991); *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1367 (9th Cir. 1990); *In re BankAtlantic Bancorp. Inc.*, 851

3

F.Supp.2d 1299, 1311 (S.D. Fla. 2011) ("[A]n attorney has a non-delegable duty to analyze the facts and law that support a pleading or motion. . ."), *citing Garr v. U.S. Healthcare, Inc.,* 22 F.3d 1274, 1280 (3rd Cir. 1994).

If a Rule 11 violation exists, the court is authorized to impose an "appropriate" sanction to "deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2). Such a sanction may include payment of the other parties' expenses or directives of a nonmonetary nature. *Id.*

## FACTUAL ALLEGATIONS AGAINST YORMAK LACK EVIDENTIARY SUPPORT

1. **Background Facts Alleged in the FAC**

MCA is a Florida charter school operating under a contract with the Collier County School Board ("CCSB"). D.E. 75, p. 8, ¶ 34. Plaintiffs Lichter and Bolduc are volunteer officers and/or board members of MCA. D.E. 75, p. 9, ¶¶ 37, 40. Lichter served as MCA's President since its inception, over a decade ago. D.E. 75, p. 9, ¶ 37.

As alleged in Plaintiffs' FAC, "Yormak is a licensed Florida attorney who specializes in employment and disability law and regularly represents individuals in employment and whistleblower claims" and his client included former defendant Pamela Vickaryous ("Vickaryous"), Scott Moore ("Moore"), and Defendant Christopher Durst, all former MCA employees. D.E. 75, p. 23, ¶ 84. Yormak has represented former employees of MCA in litigation against MCA. See *Scott Moore v. Mason Classical Academy*, 20th Judicial Circuit for Collier County, FL, Case No. 20-CA-001471; *Pamela Vickaryous v. Mason Classical Academy*, M.D. Fla, Case No. 2:21-

cv-0093-JLB-NPM, transferred from 20th Judicial Circuit for Collier County, FL, Case No. 20-CA-001791; *Stanley Walkiewicz v. Mason Classical Academy*, 20th Judicial Circuit for Collier County, FL, Case No. 20-CA-002432.[2]

Indeed, Yormak was representing Vickaryous when Plaintiffs filed their original complaint and their FAC, and the desire to create a conflict with his client or otherwise affect the litigation against MCA by Vickaryous was, no doubt, one of the motivating factors in suing Yormak. Nevertheless, as indicated above, Yormak has successfully settled the cases he brought against MCA, resulting in settlement agreements releasing parties and other related individuals, including attorneys, from all liability.

Despite these releases, and, in fact, apparently in retaliation for the legal work that Yormak has done on behalf of his clients against MCA, Plaintiffs brought this suit against him alleging claims against Yormak under 42 U.S.C. §§ 1983 and 1985, and the federal anti-racketeering statute. Plaintiffs also assert claims against him under state law for violations of Florida's anti-racketeering statute and defamation.

2. **Yormak's Appearance in the FAC is Limited**

As set forth in Yormak's Motion to Dismiss (D.E. 109), Yormak's appearance in the FAC is limited and relates to his representation of clients against Plaintiffs and

---

[2] The parties settled both the *Scott Moore* and the *Stanley Walkiewicz* cases. Both Settlement Agreements/Mutual General Releases are Exhibit A and Exhibit B to Yormak's Motion to Dismiss FAC, D.E. 109. The parties also settled the *Pamela Vickaryous* case, and her Settlement Agreement/ Mutual General Release is attached to Yormak's Reply in Support of his Motion to Dismiss FAC, D.E. 142.

others in three specific areas: (a) his representation of Vickaryous in claims involving CCSB and the Florida Education Commissioner, which are unrelated to Plaintiffs; (b) his representation of Vickaryous and Moore in their whistleblowing complaints against Plaintiffs; and (c) his alleged assistance to Vickaryous in complaints about MCA and its Board to federal and state agencies, including the Florida Commission on Ethics. No doubt, Plaintiffs and their counsel recognized that Yormak's conduct in these three areas gives rise to no claim against him, for reasons set forth in greater detail in Yormak's Motion to Dismiss (D.E. 109), and which include (in addition to the failure to state a claim), the fact that Yormak's conduct is protected by the litigation privilege, the *Noerr-Pennington* Doctrine, and the applicable statute of limitations, among other defenses. Accordingly, Plaintiffs set out to rope Yormak into this action, seemingly part of a vendetta against other Defendants, on the basis of a spurious "conspiracy" theory.

### 3. Plaintiffs' Conspiracy Allegations Against Yormak Lack Evidentiary Basis

The very vague allegations that Yormak somehow participated in a conspiracy with other defendants, as set forth in the FAC, lack any evidentiary support whatsoever. Moreover, the allegations of conspiracy, made on the basis of wild conjecture, are brought for improper purposes, designed merely to harass Yormak, gain an unfair advantage in the Vickaryous litigation (now settled), and improperly retaliate against him for representing former employees of MCA against Plaintiffs.

Thus, the FAC alleges that Moore, a former client of Yormak and employee of

MCA, after learning of the fact from a community member, notified the MCA Board that Plaintiff Bolduc had a conflict of interest when he failed to disclose his employment by Captivated Health while voting on a contract with Captivated Health.[3] The FAC alleges that, separately, Defendant Fishbane caused a letter to be sent to MCA's counsel claiming Boldoc had a conflict of interest.[4] The FAC then takes these two separate communications by separate individuals and awkwardly tries to tie them together with an unfounded conclusory conspiracy allegation, with no factual support. In Paragraph 432, the FAC states, "Vickaryous and Yormak were clearly[5] conspiring and working with Fishbane to frame Bolduc and transform Moore's unauthorized Notice of Policy Violation into a Whistleblower notice so Yormak could file a lawsuit against MCA and Fishbane could use Bolduc's supposed criminal acts as part of the continuing effort to try to terminate MCA's charter and oust its Board." D.E. 75, p. 179. That is, Moore issued one communication pointing to Bolduc's conflict of interest for the alleged purpose of setting the groundwork for a whistleblower suit and Fishbane sent a separate communication for a separate purpose involving MCA's charter, but – without allegations showing any agreement – Plaintiffs plead that a conspiracy is "clear."

---

[3] *See* D.E. 75, p. 176-77, ¶¶ 420, 421.

[4] *See* D.E. 75, p. 178, ¶ 429

[5] The word "clearly" appears a few times in the FAC, usually in paragraphs alleging that a certain action taken by an individual Defendant was part of the vague conspiracy (See Paragraphs 243, 379, 413, 423, 432, 476). Like a poker player's nervous tic, use of the word "clearly" in the FAC is a sure tell that the allegations that follow are sheer speculation, manufactured in the imaginations of Plaintiffs and their counsel.

All other allegations of conspiracy involving Yormak are equally devoid of any factual support, making the claims against Yormak beyond frivolous. Thus, in Paragraph 461, p. 189 of the FAC, Plaintiffs allege, absurdly, that CCSB's settlement of a whistleblowing claim brought by Vickaryous is evidence of an alleged conspiracy because it is a "reward" for sabotage against MCA. As indicated above, Yormak has negotiated at least three (3) agreements settling whistleblowing claims filed against MCA. Were these agreements rewards by MCA to Yormak?

Plaintiffs seek to tie Yormak into the alleged conspiracy by pointing to a motion to reinstate his client, Moore, in the litigation against MCA. D.E. 75, p. 208, ¶ 495. The allegation is that Yormak must be conspiring because, in the motion (which was successful)[6], he quoted "nearly verbatim" statements from **publicly available documents** describing the Bolduc conflict of interest situation with Captivated Health.

Similarly, the allegations in Paragraph 499 of the FAC admit on their face that they lack any factual basis whatsoever and are no more than feverish suppositions, that would be actionable defamation were it not in a pleading. In Paragraph 499 of the FAC, Plaintiffs allege that Yormak caused a fraudulent claim for unemployment benefits to be filed in Bolduc's name in Massachusetts. The "factual basis" for the allegation is that the claim for benefits was made "shortly after Yormak served a Notice of Non-Party Production and proposed subpoena for documents directed at

---

[6] A copy of the Order granting the motion was filed as Exhibit C to Yormak's Motion to Dismiss. (D.E. 109).

Captivated Health for Bolduc's records." D.E. 75, p. 213, ¶ 499.

The only other allegations in the FAC relating to Yormak's alleged participation in a conspiracy are formulaic recitations that all Defendants participated in a conspiracy with all other Defendants, and are set out within each separate Count of the FAC. *See, for example,* D.E. 75, §§ 574, 589, 610, 625, 646, 659, 665, 666, 679, 686, 699, 705, 747, and 773.

### 4. Without Valid and Supported Allegations of Conspiracy, Plaintiffs Have No Claim Against Yormak

Accordingly, the FAC itself demonstrates that there is no factual support for the Plaintiffs' claim that Yormak participated in any conspiracy against them whatsoever. And, as made abundantly clear in the Opposition Plaintiffs' filed to Yormak's Motion to Dismiss (D.E. 126), it is only the baseless allegations of conspiracy that give rise to any claims at all against Yormak.

Plaintiff's Opposition begins with the argument, "Yormak, like his co-conspirators, is alleged to have agreed to join the continuing conspiracy to seize control over MCA and oust its board, then retaliate against Plaintiffs when that effort failed. In doing so, Yormak knowingly exposed himself for the acts of all his co-conspirators, including their acts and statements occurring before and after his entry into the conspiracy. . ." D.E. 126, p. 2.  The remainder of the Opposition keeps returning to the conspiracy allegations as the reason that Yormak is allegedly liable in this action. D.E. 126.

### 5. The Lack of Evidentiary Support for Any Conspiracy Allegations Involving Yormak Warrant Sanctions Under Rule 11

In the end, the only factually supported allegations involving Yormak set out in the FAC show that he represented a few former employees of MCA in whistleblowing litigation against MCA, and, in one case, against Lichter and Bolduc also, and that that he performed ancillary work relating to the whistleblowing allegations for his clients, including assistance with administrative complaints and internal documentation. The theory that Yormak was motivated by an effort to affect the charter or change the Board of Directors of MCA, or that he even cared about the composition of the Board, as opposed to acting from a desire to represent his clients' legitimate claims against MCA, is ludicrous on its face.

A factual claim is frivolous if no reasonably competent attorney could conclude that it has a reasonable evidentiary basis, because it is supported by no evidence or only by "patently frivolous" evidence. *Davis v. Carl,* 906 F.2d 533, 535-37 (11th Cir.1990). "Sanctions are warranted when a party exhibits a deliberate indifference to obvious facts." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2020). Here, in making Yormak part of their complaint against a host of defendants, Plaintiffs and their counsel exhibit deliberate indifference to the obvious fact that any actions taken by Yormak were taken in furtherance of litigation filed against MCA on behalf of its former employees in whistleblowing actions, all of which ended successfully for the former employees. Apart from actions relating to that litigation, and ancillary actions relating to internal complaints and external administrative complaints, the FAC

contains no facts involving Yormak that are supported by evidence. Certainly, allegations that Yormak participated in any conspiracy lack evidentiary support, as demonstrated above. Because these allegations are not well grounded in fact, Yormak is entitled to an Order awarding sanctions against Plaintiffs and their counsel here.

## Plaintiffs' Claims Are Not Warranted Under Existing Law or By a Nonfrivolous Argument for Its Extension, Modification, or Reversal

Yormak incorporates all arguments set forth in his Motion to Dismiss Plaintiffs' FAC (D.E. 109), which, in turn, incorporates and adopts arguments made by other Defendants in their pending Motions to Dismiss, including, without limitation, the Motion to Dismiss filed by Defendants Hillsdale College and Larry Arnn (D.E. 93). Yormak also incorporates the arguments made by other Defendants in their various Motions under Rule 11, Fed. R. Civ. P.

As set forth in Yormak's Motion to Dismiss, Yormak was released from the claims Plaintiffs assert in their FAC, under two separate settlement agreements (attached to Yormak's Motion to Dismiss. D.E. 109, as Exhibit A and B) each releasing him "from any and all claims, demands, damages, costs, expenses, and causes of action, whether based in tort, vicarious liability, contract, equity or any other theory of legal recovery, including damages of every type and nature and claims for attorney's fees and costs" that Plaintiff MCA and its representatives had against him. *Moers v. Reid*, 804 F.App'x 753, 753 (9th Cir. 2020) (Relief under Fed. R. Civ. P. 12(b)(6) is appropriate if claims asserted in complaint are subject of waiver or release of claims; "The district court properly dismissed Moers's federal claims with prejudice

under Rule 12(b)(6). The separation agreement Moers signed released all of his claims . . . against all of the defendants."); *Dantas v. Citigroup, Inc.*, 779 F.App'x 16, 22 (2d Cir. 2019) ("[T]hose claims are released and were properly dismissed pursuant to Rule 12(b)(6).").

Moreover, as noted therein, since the counts alleged against Yormak arise solely as an alleged consequence of his work representing former employees of Plaintiff MCA in litigation against Plaintiffs or, allegedly, in making complaints before federal and state agencies, Yormak is shielded from liability to Plaintiffs by the litigation privilege and by the *Noerr-Pennington* doctrine. As discussed in greater detail in Yormak's Motion to Dismiss, under the *Noerr-Pennington* doctrine, those who petition any department of the government for redress are generally immune from statutory liability for the petitioning conduct, or for conduct "incidental" to petitioning conduct. *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929-30, 934 (9th Cir. 2006). This includes litigation and "those acts reasonably and normally attendant upon effective litigation." *McGuire Oil Co. v. Mapco, Inc.*, 958 F.2d 1552, 1560 (11th Cir. 1992) (*quoting Coastal States Mktg., Inc. v. Hunt*, 694 F.2d 1358, 1367 (5th Cir. 1983)). The doctrine applies to civil RICO claims. *Id.* at 930-32. Likewise, the litigation privilege bars Plaintiffs' claims against Yormak. *Jackson v. BellSouth Telecomms.,* 372 F.3d 1250, 1274 (11th Cir. 2004) ("Florida's litigation privilege affords absolute immunity for acts occurring during the course of judicial proceedings").

Additional grounds demonstrating Plaintiffs' inability to show their claims are

warranted by existing or new law are set forth in the Motion to Dismiss (D.E. 109), and include the improper shotgun nature of Plaintiffs' pleadings, and Plaintiffs' failure to properly allege causes of action. For example, no allegation in the FAC shows how Yormak is a state actor, for purposes of Section 1983 claims, nor how Plaintiffs are federal officers, for purposes of Plaintiffs' Section 1985 claims. Moreover, given the applicability of the litigation privilege and/or the *Noerr-Pennington* doctrine, Plaintiffs can point to no statement by Yormak that falls within the two-year statute of limitations for a viable defamation claim.

## CONCLUSION

For the reasons set forth above, and in Yormak's Motion to Dismiss (D.E. 109), incorporated herein by reference, along with other pleadings by all Defendants in this case, Plaintiffs and Plaintiffs' Counsel have failed to comply with the requirements of Rule 11. The allegations made against Yormak in Plaintiffs' FAC are not well grounded in fact, and are in clear violation of Fed. R. Civ. P. 11(b)(3). Moreover, the claims Plaintiffs seek to assert against Yormak are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

**WHEREFORE,** Defendant BENJAMIN H. YORMAK, prays that this Court issue sanctions against Plaintiffs and Plaintiffs' Counsel, including without limitation, an award of fees and costs to Yormak from the date that the original Motion for Sanctions, November 14, 2022, was first served on Plaintiffs, under Fed. R. Civ. P.

11(c)(4). In the alternative, Yormak requests an award of fees and costs from the date of service of this Restates Motion for Sanctions.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), I hereby certify that counsel for the movant has conferred with Plaintiffs' counsel in a good faith effort to resolve the issues, but has been unable to resolve the issues. Specifically, this Motion has been served on Plaintiffs' counsel, and was not filed or presented to the Court until 21 days after service, after undersigned counsel had an opportunity to confer with Plaintiffs' counsel and Plaintiffs' counsel failed to dismiss or otherwise correct the claims against Defendant Benjamin H. Yormak.

Respectfully submitted this 5th day of June 2023.

    *s/ Jose I. Leon*
Jose I. Leon, Esq.
Florida Bar No. 0958212
jleon@grsm.com
GORDON & REES
SCULLY MANSUKHANI
100 SE Second Street, Suite 3900
Miami, Florida 33131
Telephone:  305-428-5322
Facsimile:  877-644-6209
***Counsel for Defendant Benjamin H. Yormak***

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2023, the foregoing document was filed with the Court's DM/ECF system, which will send electronic notice to all counsel of record.

    *s/ Jose I. Leon*
Jose I. Leon, Esq.

## Service List

| | |
|---|---|
| Shane B. Vogt, Esq.<br>David A. Hayes, Esq.<br>Turkel Cuva Barrios, P.A.<br>100 North Tampa Street<br>Suite 1900<br>Tampa, FL 33602<br>Tel: 813-868-6650<br>svogt@tcb-law.com<br>**Counsel for Plaintiffs Mason Classical Academy, Inc., Kelly Lichter, and David Bolduc** | Christophir A. Kerr, Esq.<br>Christophir A. Kerr, P.A.<br>christophirkerr@gmail.com<br>13801 Walsingham Rd. #A-154<br>Largo, Florida 33774<br>Tel: 727-492-2551<br>Facsimile: 727-593-9822<br><br>Zachary Michael Wallen<br>Chalmers & Adams LLC<br>301 South Hills Village Drive<br>Suite LL200-420<br>Pittsburgh, PA 15241<br>412-200-0842<br>zwallen@chalmersadams.com<br>**Counsel for Defendant Byron Donalds** |
| Ryan J. Walsh, Esq.<br>Robert E. Dunn, Esq.<br>Eimer Stahl LLP<br>10 East Doty Street<br>Suite 621<br>Madison, WI 53703<br>608-620-8346<br>Fax: 312-692-1718<br>rwalsh@eimerstahl.com<br>rdunn@eimerstahl.com<br>**Counsel for Defendants Larry Arnn and Hillsdale College, Inc.** | James Donald Fox, Esq.<br>William Talley, Esq.<br>Roetzel & Andress, LPA<br>850 Park Shore Dr Ste 300<br>Naples, FL 34103-3587<br>239-649-2705<br>Fax: 239-261-3659<br>jfox@ralaw.com<br>**Counsel for Defendant Jonathan D. Fishbane** |

| | |
|---|---|
| Derek J. Angell, Esq.<br>Roper, P.A.<br>2707 East Jefferson Street<br>Orlando, FL 32803<br>407-897-5150<br>Fax: 407-897-3332<br>dangell@roperpa.com<br>***Counsel for Defendants Matthew Mathias and Phoenix Education Network, Inc.*** | Bradley Paul Rothman, Esq.<br>Weldon & Rothman, PL<br>2548 Northbrooke Plaza Drive<br>Naples, FL 34119<br>239/262-2141<br>Fax: 239/262-2342<br>brothman@weldonrothman.com<br>***Counsel for Defendant Christopher Durst*** |
| HakSoo Stephen Lee, Esq.<br>Joseph Hwan-Yul Lee, Esq.<br>Lee Law Group PLLC<br>3804 W North B St<br>Tampa, FL 33609-1232<br>Tel: 813-606-4533<br>Fax: 813-606-4500<br>hlee@flrights.com<br>***Counsel for Defendant Christine Lewis*** | Todd Bruce Allen, Esq.<br>Kelsey Hazzard, Esq.<br>Lindsay & Allen<br>13180 Livingston Rd Ste 206<br>Naples, FL 34109<br>Tel: 239-593-7900<br>todd@naples.law<br>kelsey@naples.law<br>***Counsel for Defendants Erika Donalds, The Optima Foundation, Inc., and OptimaEd, LLC*** |