UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MASON CLASSICAL ACADEMY,
INC, KELLY LICHTER, and DAVID
BOLDUC,

        Plaintiffs,

v.                                                       Case No:  2:22-cv-513-JLB-NPM

LARRY ARNN, HILLSDALE
COLLEGE, INC., JONATHAN D.
FISHBANE, ERIKA DONALDS,
THE OPTIMA FOUNDATION,
INC., MATTHEW MATHIAS,
PHOENIX EDUCATION
NETWORK, INC., CHRISTOPHER
DURST, CHRISTINE LEWIS,
PAMELA VICKARYOUS,
BENJAMIN H. YORMAK,
OPTIMAED, LLC, and BYRON
DONALDS,

        Defendants.
_____/

## ORDER

Plaintiffs Mason Classical Academy, Inc., Kelly Lichter, and David Bolduc sue Defendants Hillsdale College, Inc., Larry Arnn, Jonathan D. Fishbane, Erika Donalds, The Optima Foundation, Inc., Matthew Mathias, Phoenix Education Network, Inc., Christopher Durst, Christine Lewis, Benjamin H. Yormak, OptimaEd, LLC, and Byron Donalds, alleging that Defendants participated in a conspiracy to take over Mason Classical Academy and, in the process, deprived Plaintiffs of their fundamental rights and retaliated against Plaintiffs for exercising their fundamental rights while acting under color of state law, conspired to

interfere with Plaintiffs' civil rights, failed to prevent violations of and conspiracy to interfere with Plaintiffs' civil rights, violated federal Racketeer Influenced and Corrupt Organizations Act, violated Florida's Civil Remedies for Criminal Practices Act, and defamed Plaintiffs.  Plaintiffs filed the First Amended Complaint (Doc. 75), the operative pleading here, which Defendants move to dismiss through a motion to dismiss presenting issues common to all Defendants (Doc. 93), and through motions to dismiss addressing only issues specific to each defendant (Doc. 93; Doc. 105; Doc. 106; Doc. 107; Doc. 109; Doc. 110; Doc. 114; Doc. 115; Doc. 116).  Plaintiffs filed responses in opposition (Doc. 124; Doc. 125; Doc. 126; Doc. 127; Doc. 128; Doc. 129; Doc. 130; Doc. 131; Doc. 133) and Defendants filed replies in further support (Doc. 134; Doc. 135; Doc. 136; Doc. 137; Doc. 138; Doc. 139; Doc. 140; Doc. 142; Doc. 143).

Upon review, the Court finds that Defendants' motions to dismiss (Doc. 93; Doc. 105; Doc. 106; Doc. 107; Doc. 109; Doc. 110; Doc. 114; Doc. 115; Doc. 116) are **GRANTED in part** and **DENIED without prejudice in part**.  The First Amended Complaint (Doc. 75) is dismissed without prejudice.  Plaintiffs may file a second amended complaint **on or before October 13, 2023**.  Additionally, the Court finds that Defendants' motions for sanctions under Federal Rule of Civil Procedure 11 (Doc. 117; Doc. 146; Doc. 148; Doc. 165; Doc. 170; Doc. 172) are **DENIED without prejudice** to being refiled at the conclusion of litigation.

## BACKGROUND

This case arises out of a public controversy surrounding the management of Mason Classical Academy, a Florida charter school operated by Plaintiff Mason Classical Academy, Inc. under a charter issued by the Collier County School Board.

In the First Amended Complaint, Plaintiffs allege twenty counts, including: (1) violation of Plaintiffs' civil rights under color of state law, brought through 42 U.S.C. § 1983 (Counts I, III, V); (2) retaliation against Plaintiffs for exercising their civil rights under color of state law, brought through 42 U.S.C. § 1983 (Counts II, IV, VI); (3) conspiracy to interfere with Plaintiffs' civil rights, brought through 42 U.S.C. § 1985 (Counts VII, VIII, IX); (4) failure to prevent violations of and conspiracy to interfere with Plaintiffs' civil rights against Defendant Fishbane, brought through 42 U.S.C. § 1986 (Count X); (5) violations of federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c), 1964 (Counts XI, XII); (6) violations of Florida's Civil Remedies for Criminal Practices Act ("Florida RICO Act"), Fla. Stat. §§ 772.103, 772.104 (Counts XIII, XIV); (7) defamation against all Defendants (Counts XV, XVI, XVII); and (8) defamation against Defendant Erika Donalds, Defendant Optima Foundation, and Defendant OptimaEd (Counts XVIII, XIX, XX).

Because the Court finds that Plaintiffs' First Amended Complaint must be dismissed as an improper shotgun pleading before it can be substantively assessed, and in the interests of judicial economy and efficiency, the Court dispenses with any further recitation of the procedural or factual background of the case.

## DISCUSSION

### A. Defendants' Motion to Dismiss

Defendants move to dismiss Plaintiffs' First Amended Complaint under Federal Rule of Civil Procedure 8(a)(2) as a shotgun pleading. (Doc. 93 at 6, 13).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Moreover, reasonable inferences from the factual allegations in a complaint are to be construed in the light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). A party must plead more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). They can: (a) contain "multiple counts where each count adopts the allegations of all preceding counts"; (b) be replete with conclusory or vague facts "not obviously connected to any particular cause of action"; (c) fail to separate into a different count each cause of action or claim for relief where doing so would promote clarity; or (d) assert "multiple claims against multiple defendants without specifying which of the defendants are

4

responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321–23. Ultimately, a "dismissal under Rules 8(a)(2) and 10(b) is appropriate where it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Weiland*, 792 F.3d at 1325 (internal quotation marks omitted).

Plaintiffs' First Amended complaint is incredibly confusing, making it virtually impossible for this Court to understand which of the hundreds of factual paragraphs relate to which of the plethora of claims raised. In all events, Plaintiffs' First Amended Complaint is 306 pages, consists of 841 paragraphs, of which 546 are factual allegations, and includes 20 claims. (*See* Doc. 75). While Plaintiffs' complaint contains general factual allegations that are relevant to each of their claims, it also contains, and each count incorporates, a plethora of irrelevant facts and legal conclusions. (*See id.*). Plaintiffs consistently blend facts related to elements for each of their causes of action and then incorporate each separate act and its elements into the distinct counts by "re-alleg[ing] paragraphs 1 through 532" into four counts and by "re-alleg[ing] paragraphs 1 through 546" into the remaining sixteen counts, thereby incorporating at least 532 paragraphs of allegations into **all twenty counts in the pleading**. (*Id.*). This commingling of the factual allegations and legal claims makes it difficult for this Court and Defendants to parse the allegations and determine which of alleged facts support which of the claims for relief. *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) ("[T]ypical shotgun complaint[s] . . . contain

5

irrelevant factual allegations and legal conclusions[, which results in] trial court[s] sift[ing] out the irrelevancies.").

The Plaintiffs, likely unintentionally, highlight a manifestation of these problems by arguing that Defendants "ignore[d] germane allegations in the [First Amended Complaint]" in which Plaintiffs met the "'color of state law' element of a Section 1983 action." (Doc. 124 at 17). Rather than construe this scenario as Defendants ignoring allegations and "waiving any argument" (*id.*), the Court attributes any omission to the disorganized, disjointed, hyperbolic, and otherwise sprawling nature of the allegations in the complaint. Despite Plaintiffs' invitation, the Court would not fault any defendant for failing to fish out "germane allegations" in a complaint re-alleging 532 paragraphs of allegations into twenty claims for relief.

While Plaintiffs make some effort to highlight specific allegations that support several claims' factors (*see* Doc. 75 at ¶¶ 549 (citing Doc. 75 at ¶¶ 533–41), 550 (citing Doc. 75 at ¶¶ 336–529), 566(g) (citing Doc. 75 at ¶¶ 440, 478, 480, 508, 510, 513), 732 (citing Doc. 75 at ¶¶ 530–32), 749 (citing Doc. 75 at ¶¶ 429, 434, 439, 445, 447, 456, 465, 483, 487, 492, 497, 504),[1] 796 (citing Doc. 75 at ¶ 527)), this apparent attempt to identify relevant allegations in several claims is suffocated by the incorporation of **532 paragraphs** into all twenty claims. The Eleventh Circuit has made it pellucidly clear that "[i]t is not the proper function of courts in this

---

[1] The First Amended Complaint contains multiple paragraphs notated as "749," but this cite refers to paragraph 749 on page 291 of the First Amended Complaint.

Circuit to parse out . . . incomprehensible allegations." *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) (citation omitted); *see also Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997) ("Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources."). Indeed, considerable judicial resources have gone into evaluating Plaintiffs' 306-page complaint.

Accordingly, the Court finds that the First Amended Complaint (Doc. 75) is due to be dismissed as a shotgun pleading. Plaintiffs may file a second amended complaint on or before October 13, 2023. Before any further amended complaint is filed, Plaintiffs must comb through their pleading to remove the plethora of irrelevant factual allegations. As an example of one such line of allegations, the Court points to paragraph 520, which alleges, in detail, that a "Senior Advisor" for Defendant Rep. Donalds has a "checkered past." (Doc. 75 at ¶ 520). The Complaint goes on to state that this individual "launched himself . . . towards [Plaintiff] Lichter and her husband in an extremely aggressive manner." (*Id.* at ¶ 522). It is unclear to the Court how this series of allegations relates to the claim that Plaintiff Bolduc's civil rights were violated (*see id.* at ¶ 619 (re-alleging, *inter alia*, paragraphs 520 and 522)), the claim that Defendants engaged in a conspiracy to interfere with Plaintiff MCA's civil rights (*see id.* at ¶ 655 (same)), claims regarding

alleged violations of RICO or Florida RICO (*see id.* at ¶¶ 728, 743, 756, 770[2] (same)), or any claims for that matter. Rather, as best the Court can decode from Plaintiffs' filings, the inclusion of these allegations appears only to serve the purpose of sensationalizing an embittered dispute. Plainly, this type of pleading is not acceptable.

Thus, to fairly place Defendants on notice as to what allegations support which claims for relief and for judicial efficiency, Plaintiffs, should they proceed forward with this litigation, must make a deliberate effort to omit all tangential and irrelevant allegations from any further amended pleading. At this juncture, in light of the volume of irrelevant factual allegations incorporated into all twenty of Plaintiffs' claims, the Court denies without prejudice Defendants' motions to dismiss to the extent that they argue Plaintiffs' Complaint fails to state a claim. The Court has grave concerns regarding the nature and feasibility of Plaintiffs' claims. The Court nonetheless withholds issuing a determination to provide Plaintiffs the opportunity to clarify their allegations and eliminate any impracticable claims in any future pleading.

**B.  Related State Court Cases**

Plaintiff Mason Classical Academy, Inc. has filed multiple state court cases relating in some way to the present case and controversy. *See Mason Classical Academy, Inc. v. The District School Board of Collier County, Florida*, Case No.:

---

[2] The First Amended Complaint contains multiple paragraphs notated as "770," but this cite refers to paragraph 770 on page 288 of the First Amended Complaint.

19-CA-4705 (Collier Cnty. Cir. Ct.); *Mason Classical Academy, Inc. v. The School Board of Collier County, Florida*, Case No.: 20-CA-3427 (Collier Cnty. Cir. Ct.); *Mason Classical Academy, Inc. v. Baird, et al.*, Case No.: 22-CA-987 (Collier Cnty. Cir. Ct.). Additionally, Plaintiffs have been the subject of various actions related to the same controversy underlying the instant suit. (*See* Doc. 5; Doc. 53; Doc. 189).

Notably, notwithstanding Local Rule 1.07(c) and the Court's Civil Action Order (Doc. 3), Plaintiffs neglected to (1) identify several related actions and (2) describe any of the related actions, in their original Notice of Related Action (Doc. 5). That failure prompted the Court to sua sponte request such disclosures. (Doc. 186). It is disturbing to the Court that Plaintiffs initially failed to describe the related actions, especially *Mason Classical Academy, Inc. v. Baird, et al.*, Case No.: 22-CA-987 (Collier Cnty. Cir. Ct.), given the seemingly substantially similar nature of the underlying claims and parties. At present, the Court is left in the untenable position of adjudicating the claims in this case while nearly identical claims proceed in the state court action.

At this time, the Court withholds ruling on the claim-splitting issue, but Plaintiffs must consider their related state court claims prior to filing any further amended complaint in this Court.

**C.     Defendants' Motions for Sanctions**

Defendants also move for sanctions under Federal Rule of Civil Procedure 11. (Doc. 117; Doc. 146; Doc. 148; Doc. 165; Doc. 170; Doc. 172). Based strictly on the

face of the sanctions request and without evidence to consider, the motion for sanctions has merit.

Under Rule 11, an attorney who files a pleading in federal court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances":

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information.

Fed. R. Civ. P. 11(b). Sanctions may be awarded under Rule 11:

> (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose.

*Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003) (citation omitted).

The inquiry under Rule 11 is "whether the party's claims are objectively frivolous" and "whether the person who signed the pleadings should have been

aware that they were frivolous." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). "Rule 11 motions . . . should not be employed . . . to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes." Fed. R. Civ. P. 11, advisory committee's note (1993 Amendment); *Lawson v. Sec'y, Dep't of Corr.*, 563 F. Appp'x 678, 680 (11th Cir. 2014) ("[T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate.") (internal quotation marks and citation omitted). "Although the timing of sanctions rests in the district judge's discretion, Rule 11 sanctions 'normally will be determined at the end of litigation.'" *Baker*, 158 F.3d at 523 (quoting *Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987)). Notably, "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Afrin v. Belk Inc.*, Case No. 5:20-cv-3-JSM-PRL, 2021 WL 2435184, at *2 (M.D. Fla. Mar. 10, 2021) (citation omitted).

Defendants seek Rule 11 sanctions by generally asserting that Plaintiffs' claims have no reasonable factual basis, Plaintiffs' Complaint is based on legal theories that have no reasonable chance of success and cannot be advanced as a reasonable argument to change existing laws, and Plaintiffs' suit was brought in bad faith and for an improper purpose. (*See* Doc. 117; Doc. 146; Doc. 148; Doc. 165; Doc. 170; Doc. 172).

Because Plaintiffs' First Amended Complaint is dismissed without prejudice as a shotgun pleading, the Court exercises its discretion to deny without prejudice

Defendants' Rule 11 motions pending a determination of the merits of Plaintiffs' suit. To that end, the Court finds it would be premature to award Rule 11 sanctions based on Defendants' assertions that Plaintiffs' claims are frivolous. *See Bigford v. BESM, Inc.*, Case No.: 12-61215-CIV-WILLIAMS/SELTZER, 2012 WL 12886184, at *2 (S.D. Fla. 2012) ("Rule 11 should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be disposed of by a motion dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits.") (citation omitted); *KB Home v. Smith*, Case No.: 8:13-cv-2644-T-27EAJ, 2014 WL 12621583 at *2 (M.D. Fla. 2014) ("[I]t is not possible to determine on this record if the allegations of the Amended Complaint are objectively frivolous in view of the law and facts, whether Plaintiff and its counsel should have been aware that the allegations were frivolous after making a reasonable inquiry, and whether [defendant's] motion is baseless. Imposition of sanctions is more appropriately considered at the end of the litigation.") (citation omitted).

Defendants assert that Plaintiffs' claims are bought in bad faith and for an improper purpose. That may well be the situation. But the Court will provide Plaintiffs an opportunity to be heard prior to imposition of any Rule 11 sanctions should Defendants choose to refile their motion for sanctions at the conclusion of this litigation. Notwithstanding, at this juncture, the Court declines to sanction Plaintiffs.

A final note. Plaintiffs should not misconstrue the Court's providing them leave to file an amended complaint as a comment on the merits of their case. As the Court previously noted, the Court has grave concerns about the viability of the claims presented. Even chipping away the irrelevant facts pleaded thus far and investing substantial judicial resources to make sense of the claims brought, the Court suggests that Plaintiffs' counsel reconsider whether proceeding forth with this litigation is prudent. Furthermore, Defendants' motions for sanctions have been denied without prejudice at this time. Defendants may refile their motions for sanctions at the end of this litigation and this Court will hold a hearing addressing such.

*-Remainder of page intentionally left blank-*

## CONCLUSION

Accordingly, it is **ORDERED** that:

1. Defendants' Motions to Dismiss (Doc. 93; Doc. 105; Doc. 106; Doc. 107; Doc. 109; Doc. 110; Doc. 114; Doc. 115; Doc. 116) are **GRANTED in part** and **DENIED without prejudice in part** as set forth herein.

2. Plaintiffs' First Amended Complaint (Doc. 75) is **DISMISSED without prejudice** to being refiled consistent with this Order on or before October 13, 2023.

3. Defendants' Motions for Rule 11 Sanctions (Doc. 117; Doc. 146; Doc. 148; Doc. 165; Doc. 170; Doc. 172) are **DENIED without prejudice** as set forth herein.

**ORDERED** in Fort Myers, Florida on September 22, 2023.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE