## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS

| | | |
|---|---|---|
| MASON CLASSICAL ACADEMY, INC., *et al.,* | ) | |
| | ) | |
| | ) | |
| *Plaintiffs,* | ) | Case No. 2:22-cv-00513-JLB-NPM |
| | ) | |
| v. | ) | Judge John L. Badalamenti |
| | ) | |
| LARRY ARNN, individually, *et al.,* | ) | |
| | ) | |
| *Defendants.* | ) | |

Pursuant to this Court's September 22, 2023, order dismissing Defendants' sanctions motions without prejudice and authorizing Defendants to "refile their motions for sanctions at the end of this litigation," Defendants Hillsdale College, Inc. and Dr. Larry Arnn hereby refile their motion for sanctions under Rule 11 and 28 U.S.C. § 1927.[1]

---

[1] Other than the prefatory sentence above, this refiled motion is identical to the motion Hillsdale and Dr. Arnn served on Plaintiffs on March 29, 2023. Accordingly, this refiled motion did "not require a new safe harbor period." *Worldspan Marine Inc. v. Comerica Bank*, No. 18-21924-CIV, 2022 WL 16701245, at *8 (S.D. Fla. Oct. 15, 2022), report and recommendation adopted, No. 18-21924, 2022 WL 16701618 (S.D. Fla. Nov. 3, 2022); *see also Merritt v. Lake Jovita Homeowner's Ass'n, Inc.*, No. 8:08-CV-98-T-27EAJ, 2010 WL 11507746, at *1 (M.D. Fla. May 11, 2010) ("If a properly served and filed motion for Rule 11 sanctions is denied without prejudice to later renewal, the motion may be renewed without providing a second safe harbor period."); *Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir. 2005).

## DEFENDANTS LARRY ARNN AND HILLSDALE COLLEGE'S MOTION FOR SANCTIONS AND MEMORANDUM OF LAW

Defendants Larry Arnn and Hillsdale College, Inc., (the "Hillsdale Defendants") hereby move for an award of sanctions against Plaintiffs Mason Classical Academy, Inc., ("MCA") Kelly Lichter, and David Bolduc pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. As explained more fully in the accompanying memorandum, sanctions are appropriate because Plaintiffs' claims against the Hillsdale Defendants cannot have been asserted for any purpose but to harass and retaliate, and Plaintiffs' claims have no factual or legal basis. At the time of the filing of this motion, the Hillsdale Defendants have complied with Rule 11(c)(2) and provided at least 21-days' notice of the motion to Plaintiffs. The motion is based on the arguments provided in the attached Memorandum of Law, the First Amended Complaint, and any argument the Court may allow on this motion.

## MEMORANDUM OF LAW

Although this case arises out of a disagreement the parties had in 2018–2019 over MCA's management—which ultimately led Hillsdale to terminate its relationship with MCA—Plaintiffs accuse the Hillsdale Defendants of violating Plaintiffs' constitutional rights, engaging in federal racketeering, and defaming Plaintiffs. The facts alleged provide zero basis for any of these outrageous claims. On the contrary, they refute them. Plaintiffs' First Amended Complaint ("FAC") also asserts erroneous legal theories plainly

foreclosed by binding precedent. Beyond that, the claims are completely barred
by the longstanding rule against claim splitting because MCA is currently
litigating claims against Hillsdale in state court based on the same nucleus of
operative fact as the claims here.

The Hillsdale Defendants pointed out these defects and many others in
their motion to dismiss the initial Complaint, filed on October 24, 2022, Dkt.
52, and in their motion to stay discovery, filed on November 3, 2023, Dkt. 54.
But instead of voluntarily dismissing or amending the complaint to remove
their frivolous claims, Plaintiffs doubled down in their FAC, which asserts the
same factually and legally frivolous claims against Hillsdale and Dr. Arnn. The
Hillsdale Defendants expended additional resources drafting a second motion
to dismiss ("MTD"), which they filed on December 29, 2022. Dkt. 93. Plaintiffs
once again had the opportunity to withdraw their claims without facing
sanctions, but instead they filed an opposition brief ("Opp.") that effectively
conceded the absence of any factual allegations supporting their claims against
the Hillsdale Defendants while asserting frivolous legal arguments.

The Hillsdale Defendants recognize that courts do not lightly grant
motions for sanctions. But Rule 11 was designed for precisely this type of
harassing and vexatious conduct, which has forced the Hillsdale Defendants to
expend substantial time and resources responding to Plaintiffs' hopelessly
flawed claims. And because any reasonably competent attorney would have

known that Plaintiffs' claims against the Hillsdale Defendants have zero
chance of success, this Court would be justified in sanctioning Plaintiffs'
counsel under Rule 11 and 28 U.S.C. § 1927 for continuing to assert them.

## LEGAL STANDARD

Under Rule 11(b) of the Federal Rules of Civil Procedure, sanctions are
authorized: (1) "when a party files a pleading that has no reasonable factual
basis," (2) when a party's argument is frivolous, *i.e.* the "pleading [] is based on
a legal theory that has no reasonable chance of success and that cannot be
advanced as a reasonable argument to change existing law," or (3) the pleading
is filed in bad faith or "for any improper purpose such as to harass, cause
unnecessary delay, or needlessly increase the cost of litigation." *Maletta v.
Woodle*, 2023 WL 1272942, at *1 (M.D. Fla. Jan. 31, 2023) (quoting *Massengale
v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001)). Courts may impose Rule 11
sanctions on "any attorney, law firm, or party that violated the rule or is
responsible for the violation." Fed. R. Civ. P. 11(c)(1). Sanctions may include
nonmonetary directives, such as dismissal with prejudice, *see, e.g., Petrano v.
Old Republic Nat. Title Ins. Co.*, 590 F. App'x 927, 929 (11th Cir. 2014), a
monetary penalty, including "part or all of the reasonable attorney's fees and
other expenses directly resulting from the violation," or both. Fed. R. Civ. P.
11(c)(4).

Although Rule 11 authorizes courts to impose sanctions directly on the

4

parties, "[i]mposition of sanctions on the attorney rather than, or in addition
to, the client is sometimes proper since it may well be more appropriate than
a sanction that penalizes the parties for the offenses of their
counsel." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir.
1996) (internal quotation marks omitted). Moreover, "Rule 11 emphasizes an
attorney's continuing obligation to make inquiries, and thus the rule allows
sanctions when an attorney continues 'insisting upon a position after it is no
longer tenable.'" *Battles v. City of Ft. Myers*, 127 F.3d 1298, 1300 (11th Cir.
1997).

In addition to Rule 11, a court may sanction an attorney under 28 U.S.C.
§ 1927, which provides that "[a]ny attorney . . . who so multiplies the
proceedings in any case unreasonably and vexatiously may be required by the
court to satisfy personally the excess costs, expenses, and attorneys' fees
reasonably incurred because of such conduct." The Eleventh Circuit has
explained that "the plain language of the statute imposes three essential
requirements for an award of sanctions under § 1927:" (1) "the attorney must
engage in 'unreasonable and vexatious' conduct," (2) "that 'unreasonable and
vexatious' conduct must be conduct that 'multiplies the proceedings,'" and (3)
"the dollar amount of the sanction must bear a financial nexus to the
proceedings." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239
(11th Cir. 2007) (citation omitted). "[A]n attorney multiplies proceedings

5

'unreasonably and vexatiously' within the meaning of the statute only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" *Id.* (citation omitted). This "bad faith" is not subjective bad faith, but instead "turns . . . on the attorney's objective conduct." *Id.*

## ARGUMENT

### I. PLAINTIFFS BROUGHT THIS ACTION FOR THE IMPROPER PURPOSE OF HARASSING THE HILLSDALE DEFENDANTS.

Rule 11(b)(1) requires that pleadings are "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). A motive to harass can be "inferred from circumstantial evidence." *Thompson v. RelationServe Media, Inc.*, 610 F. 3d 628, 665 (11th Cir. 2010) (Tjoflat, J., concurring). Here, the circumstantial evidence confirms that Plaintiffs brought this action with the improper purpose to harass Hillsdale and Dr. Arnn.

**A.** First, circumstantial evidence of an improper purpose can include an attorneys' filing of factually or legally frivolous claims. *Id.* at 666 (citing *Carr v. Tillery,* 591 F.3d 909, 919–20 (7th Cir. 2010)). As explained in more detail below, *infra*, Part II, the claims Plaintiffs have asserted here are textbook examples of frivolous claims. Plaintiffs allege that Hillsdale and Dr. Arnn—a private religious college in Michigan and its president—somehow violated Plaintiffs' constitutional rights while acting under color of Florida law. But the

facts alleged provide no support for these bizarre claims. Plaintiff further contend that MCA—a Florida charter school—and two of its volunteer board members are *federal officers* authorized to assert claims under 42 U.S.C. § 1985(1). To state that legal theory is to refute it. Plaintiffs further contend that the Hillsdale Defendants somehow operated as a criminal RICO enterprise with nearly a dozen individuals and non-profit organizations in Florida to engage in federal and state crimes such as extortion and wire fraud. These outrageous allegations, which unfairly tarnish Hillsdale and Dr. Arnn, have no factual basis. Finally, Plaintiffs accuse the Hillsdale Defendants of defamation, even though they have not identified a single allegedly false statement that either Defendant made to a third party. Given the utterly frivolous nature of Plaintiffs' claims, the only reasonable inference is that Plaintiffs asserted these claims to harass and retaliate against the Hillsdale Defendants for perceived slights arising from the events in 2018 and 2019 described in Hillsdale's Motion to Dismiss. *See* MTD at 6–12.

**B.** Improper claim splitting can also support an inference that the plaintiff sought to harass the defendant. *See St. Amant v. Bernard*, 859 F.2d 379, 384 (5th Cir. 1988) ("Repeat litigation of identical claims over identical subject matter may support an inference that the litigation was meant to harass opposing parties."). As the Eleventh Circuit has explained, "[t]he rule against claim-splitting requires a plaintiff to assert all of its causes of action

7

arising from a common set of facts in one lawsuit." *See Vanover v. NCO Fin.
Servs., Inc.*, 857 F.3d 833, 841–42 (11th Cir. 2017) (citation omitted). Courts
consider two factors when deciding if a plaintiff has violated the rule: "(1)
whether the case involves the same parties and their privies, and (2) whether
separate cases arise from the same transaction or series of transactions.'" *Id.*
at 841–42. "Successive causes of action arise from the same transaction or
series of transactions when the two actions are based on the same nucleus of
operative facts." *Id.* at 842.

Plaintiffs' complaint is a blatant example of claim splitting because the
claims here arise out of the same nucleus of operative facts as the claims
asserted in *Mason Classical Academy, Inc. v. Baird, et al.*, No. 22-CA-0987
(Collier Cnty. Cir. Ct.). The operative complaint in that case, filed on May 19,
2022, asserts claims against Hillsdale for tortious interference with MCA's
charter contract and conspiracy to tortiously interfere with MCA's charter
contract. *See* Dkt. 93-1. As the Hillsdale Defendants explained in their motion
to dismiss—and Plaintiffs did not dispute—the claims in *Baird* arise from the
same transactions in 2018–2019 that underpin Plaintiffs' claims here. *See*
MTD.49–50; Opp.29–30. Nor do Plaintiffs dispute that the parties here are all

directly involved in the *Baird* litigation or in privity with parties that are.[2] *See* MTD.49–50; Opp.29–30.

Plaintiffs' Opposition raises an incoherent argument based on the supposed accrual date of Plaintiffs' claims, *see* Opp.29, but Plaintiffs made no effort to show (nor could they) that any of the claims they asserted in this action on August 19, 2022, had not yet accrued three months earlier when they filed the operative complaint in *Baird*. *See Harllee v. Procacci*, 154 So.3d 1145, 1147 (Fla. Dist. Ct. App. 2014) ("a new claim for damages is not barred if the underlying cause of action had not accrued at the time of filing the previous lawsuit") (citation omitted); *Bongiovanni v. Austin*, 2022 WL 1642158, at *9 (M.D. Fla. May 24, 2022) (claim splitting inquiry focuses on the "operative complaint" in the earlier litigation). Because this case flagrantly violates the longstanding rule against claim splitting and Plaintiffs declined to dismiss the action after Defendants twice flagged the issue in their motions to dismiss, the only reasonable inference is that Plaintiffs are using this litigation to harass the Hillsdale Defendants, forcing them to incur needless costs and attorneys' fees.

---

[2] MCA is in privity with Lichter and Bolduc because they are controlling board members of MCA, and Dr. Arnn is in privity with Hillsdale because he is the president and ultimate decisionmaker of the college. *See In re Chiquita Brands Int'l, Inc. Alien Tort Statute and Shareholder Deriv. Litig.*, 2018 WL 11251118, at *4 (S.D. Fla. Aug. 13, 2018); *Zephyr Aviation III, L.L.C. v. Keytech Ltd.*, 2008 WL 759095, at *7 (M.D. Fla. Mar. 20, 2008).

**C.** Shotgun pleadings are also indicia of an improper purpose. As the Eleventh Circuit has explained, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997). Such pleadings are often used to harass. *See Trump v. Clinton*, 2023 WL 333699, at *6 (S.D. Fla. Jan. 19, 2023) ("The Amended Complaint is a hodgepodge of disconnected, often immaterial events, followed by an implausible conclusion. This is a deliberate attempt to harass; to tell a story without regard to facts."). Here, Plaintiffs filed an 807-paragraph initial complaint that asserted 18 counts against 11 Defendants. *See* Dkt. No. 1. As Defendants explained in their first motion to dismiss, that complaint was "a quintessential shotgun pleading." Dkt. 52 at 13. But instead of streamlining their complaint, Plaintiffs filed an *even longer* FAC, which now includes 841 paragraphs and asserts 20 counts against 13 disconnected individuals and non-profit organizations based on unrelated conduct and events over a five-year period. The FAC appears to be little more than a naked attempt to punish anyone that has ever questioned Lichter and Bolduc's leadership of MCA. Plaintiffs' decision to draft a 300-page narrative describing hundreds of communications, meetings, and events that have little or no relationship to one another has forced Defendants to spend an

inordinate amount of time responding to the FAC. The only possible inference that can be drawn from the two shotgun pleadings is that this lawsuit is "a deliberate attempt to harass" the Hillsdale Defendants. *Trump*, 2023 WL 333699, at *6.

**D.** The relevant context confirms that this action is simply retaliation against Hillsdale for cutting ties with MCA—which it was entitled to do for any reason under the Agreement's explicit terms—and for suing Lichter for tortiously interfering with Hillsdale's relationships with other charter schools. *See Hillsdale College v. Lichter*, No. 2020-CA-003892, Dkt. No. 1 (Collier Cnty. Cir. Ct. Dec. 7, 2020). The FAC alleges that Hillsdale's tortious interference suit is unconstitutional retaliation against Lichter. But Hillsdale plainly was not acting under color of law when it filed that action, and the well-founded claims in that case have already survived a motion to dismiss. Indeed, Lichter did not file an anti-SLAPP motion in that case, which suggests that even she does not believe that Hillsdale's lawsuit unlawfully infringed on her protected speech. Thus, contrary to Plaintiffs' bizarre allegation, it is *this lawsuit* that is retaliatory, not Hillsdale's, and the Court should sanction Plaintiffs for using the legal process for such an improper purpose. *See Tracy v. Huff*, 2009 WL 10709414, at *7 (D. Nev. Jan. 20, 2009).

***

Plaintiffs have demonstrated that they will continue using the courts to

11

harass and retaliate against the Hillsdale Defendants until they are stopped.
Rule 11 was designed for this exact situation. The Court should therefore
sanction Plaintiffs personally for engaging in this vexatious conduct and send
an unequivocal message that this conduct is unacceptable.

## II.    THE PLAINTIFFS' CLAIMS ARE FRIVOLOUS.

Rule 11(b)(2) specifically authorizes sanctions when a party's argument
is frivolous and "no reasonably competent attorney could conclude that it has
any reasonable chance of success or has a reasonable argument to change
existing law." *Hajdasz v. Magic Burgers, LLC*, 2018 WL 7436133, at *4 (M.D.
Fla. Dec. 10, 2018) (citation omitted). "In assessing the propriety of Rule 11
sanctions, this Court asks: (1) whether the party's claims are objectively
frivolous, and (2) whether the person who signed the pleadings should have
been aware that they were frivolous." *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th
Cir. 2010) (internal quotation marks and citation omitted). "A factual claim is
frivolous when it has no reasonable factual basis," while "[a] legal claim is
frivolous when it has no reasonable chance of succeeding." *Gulisano v.
Burlington, Inc.*, 34 F.4th 935, 942 (11th Cir. 2022). And "an attorney's
obligations with respect to the contents of pleadings or motions are not
measured solely as of the time when the pleading or motion is initially filed
with the court, but also at the time when the attorney, having learned the
claims lack merit, reaffirms them to the court." *Id.*

Here, Plaintiffs assert frivolous claims under 42 U.S.C. §§ 1983, and 1985(1), RICO, and state law. The Hillsdale Defendants pointed out the myriad defects in these claims in their first motion to dismiss, Dkt. 52, in their motion to stay discovery, Dkt. 54, in their supplemental brief in support of a stay, Dkt. 88, in their motion to dismiss the FAC, Dkt. 93, and in this motion, which was served on Plaintiffs on March 29, 2023. Yet Plaintiffs and their counsel have refused to dismiss these frivolous claims and have forced the Hillsdale Defendants to expend substantial resources defending themselves. Because a reasonably competent attorney would have recognized by now that Plaintiffs' claims are frivolous, the Court may award sanctions against Plaintiffs and their counsel under Rule 11(b)(2). *Gulisano,* 34 F.4th at 944.

## A. Plaintiffs' Section 1983 Claims Are Frivolous

Plaintiffs' first set of frivolous claims are asserted under 42 U.S.C. § 1983. To successfully plead a Section 1983 claim, "[a] Plaintiff must prove two elements: (1) that he was deprived of 'rights, privileges, or immunities' protected by the Constitution or federal law; and (2) that the deprivation was caused by a person acting under color of law." *Eidson v. Arenas*, 910 F. Supp. 609, 612–13 (M.D. Fla. 1995). Plaintiffs cannot possibly satisfy either element.

### 1. *Plaintiffs have no factual or legal basis for claiming that the Hillsdale Defendants acted under color of state law.*

Plaintiffs must show state action to maintain a Section 1983 claim, and

13

non-governmental parties—such as Hillsdale and Dr. Arnn—may be held liable "only in rare circumstances." *Pugh v. Balish*, 564 F. App'x 1010, 1011 (11th Cir. 2014). The relevant test for when non-state actors may be held liable under Section 1983 is the "joint action test," which extends liability when a private person "conspires with a state actor to deprive the plaintiff of his constitutional rights." *Charles v. Johnson*, 18 F.4th 686, 696 (11th Cir. 2021). To satisfy this element, Plaintiffs would need to allege facts plausibly suggesting that the Hillsdale Defendants reached an understanding with a government actor to deprive Plaintiffs of their constitutional rights. *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990). Mere communications with government officials is not enough. *Sable Commc'ns of California Inc. v. Pac. Tel. & Tel. Co.*, 890 F.2d 184, 189 (9th Cir. 1989).

There is no reasonable basis to believe that Hillsdale College or Dr. Arnn conspired with governmental actors to violate Plaintiffs' federal rights. Although Plaintiffs baldly allege that Hillsdale conspired with Defendant Fishbane and the other Defendants to terminate MCA's Charter and oust MCA's Governing Board, the FAC provides no factual allegations from which that inference can be drawn. MTD.14–18. The FAC does not allege that the Hillsdale Defendants communicated with any member of CCSB or encouraged CCSB to revoke MCA's charter. At most, the Hillsdale Defendants' actions indicate that they shared Fishbane's concerns about MCA's governance and

14

conferred with him and one or more employees at FDOE about potential reforms before terminating Hillsdale's Agreement and severing its relationship with MCA, as Hillsdale was entitled to do for any reason. MTD.8–12.

In short, because the Section 1983 claims "require a government actor, and [the Hillsdale] Defendant[s are not] government actor[s]," Counts I though IV "are objectively frivolous in view of the well-settled case law regarding government action and a reasonably competent attorney would have known they are frivolous." *Trimble v. Emory Healthcare, Inc.*, 2021 WL 1244864, at *9 (N.D. Ga. Jan. 21, 2021).

Plaintiffs concede that neither Hillsdale nor Dr. Arnn is a state actor, but they insist that the FAC adequately alleges "concerted action" between the Hillsdale Defendants and state actors "to seize control of MCA and oust its Board." Opp.19. Critically, however, Plaintiffs fail to identify any *factual allegations* showing any such joint action between Hillsdale or Dr. Arnn and any government actor to achieve an unlawful end.

### 2. Plaintiffs have no legal or factual basis for claiming that there was a deprivation of a constitutional right.

"A constitutional claim brought pursuant to § 1983 must begin with the identification of a specific constitutional right that has allegedly been infringed." *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1288 (11th Cir. 2019) (citation omitted). The First Amended Complaint vaguely mentions the

15

First, Fourth, and Fourteenth Amendments. But Plaintiffs have no legal or factual basis for claiming a deprivation of these rights by the Hillsdale Defendants or anyone else.

Plaintiffs' claim that the Hillsdale Defendants deprived Plaintiffs of their "fundamental right" to a good reputation, but it is well-established that "harm to 'reputation alone' is not a liberty interest 'sufficient to invoke the procedural protection of the Due Process Clause.'" *Bradshaw v. Fed. Aviation Admin.*, 8 F.4th 1215, 1226 (11th Cir. 2021). It thus follows that Plaintiffs do not have a fundamental right to a good reputation. Plaintiffs' opposition relies on *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022), Opp.12, but that case held that here is no substantive due process right to abortion—it did not disturb the Eleventh Circuit's precedent barring substantive due process claims based on harm to reputation.

Plaintiffs' claim that the Hillsdale Defendants violated procedural due process by infringing on Plaintiffs' alleged rights to operate a high-performing charter school and sit on the board. That claim is legally frivolous because Plaintiffs point to no authority supporting their alleged federally protected right to the charter or to the board seats. And it is factually frivolous because the charter was never revoked and Lichter and Bolduc remain on the board. In all events, Plaintiffs cannot dispute that they received due process when the Board considered revoking their charter. *See* FAC ¶¶ 284, 302, 331–32.

16

Plaintiffs' opposition purports to ground the procedural due process claim in alleged defamation, Opp.15, but such a claim is viable only where "state action ha[s] significantly altered or extinguished 'a right or status previously recognized by state law.'" *Behrens v. Regier*, 422 F.3d 1255, 1260 (11th Cir. 2005). The FAC does not allege the extinguishment or alteration of any such right.

The FAC claims that the Hillsdale Defendants unconstitutionally retaliated against them for exercising their First Amendment rights. That claim is also frivolous. The only retaliatory actions that the Hillsdale Defendants are alleged to have taken against Plaintiffs are (1) sending a letter to MCA stating that Hillsdale would terminate the Agreement if MCA did not implement reforms, and (2) filing a lawsuit against Lichter for tortious interference. But Plaintiffs do not allege any facts suggesting that Hillsdale took either of these actions "on account of [Plaintiffs'] protected speech." *Boyd v. Peet*, 249 F. App'x 155, 158 (11th Cir. 2007). On the contrary, the alleged facts show that Hillsdale was attempting to help MCA address serious problems at the school and that it planned to exercise its unilateral right to terminate the agreement if those attempts failed (as they ultimately did). *See* FAC ¶ 283; MTD.16. And Hillsdale sued Lichter because of her unsolicited communications to Hillsdale-affiliated charter schools, which slandered Hillsdale's name. MTD.24. Those malicious communications were not

constitutionally protected. And nothing the Hillsdale Defendants are alleged to have done would have chilled a reasonable person's protected speech. MTD.25.

Plaintiffs' Fourth Amendment claim for unreasonable search and seizure is frivolous because, as Plaintiffs Opposition tacitly concedes, the FAC does not allege that the Hillsdale Defendants ever searched Plaintiffs' emails or computers. Rather, the alleged search was conducted by Defendant Vickaryous several months after Hillsdale severed ties with MCA, and Plaintiffs nowhere allege that Vickaryous and the Hillsdale Defendants communicated with each other, must less formed an unlawful conspiracy to violate Plaintiffs' civil rights. *See* MTD.26–27.

Finally, Plaintiffs' equal protection argument is frivolous because, as Plaintiffs do not dispute, the FAC does not allege that any similarly situated persons—*e.g.*, board members engaged in similar mismanagement of a charter school—received more favorable treatment from the government. *See Shuler v. Swatek*, 465 F. App'x 900, 903 (11th Cir. 2012). Plaintiffs contend that they have alleged a class-of-one equal protection claim, but in the absence of a valid comparator such a claim requires a showing of "animus," *Swanson v. City of Chetek*, 719 F.3d 780, 784 (7th Cir. 2013), and the alleged facts do not come close to alleging any such animus on the part of Hillsdale or Dr. Arnn.

*       *       *

18

Given the fatal defects in Plaintiffs' section 1983 claims, a reasonably competent attorney would have dropped those claims against the Hillsdale Defendants after Defendants filed their motion to dismiss the initial complaint. Yet Plaintiffs not only persisted after that motion was filed, they continued to press their claims after Defendants filed their motion to stay discovery, their supplemental brief in support of a stay, their motion to dismiss the FAC, and even after receiving service of this motion.

## B. Plaintiffs' Section 1985 Claims Are Frivolous

Plaintiffs' claims under 42 U.S.C. § 1985(1)—Counts VII, VIII, and IX— are even more legally frivolous than their section 1983 claims. Section 1985(1), which prohibits conspiracies to prevent a federal officer from discharging his duties, provides a private right of action exclusively *to federal officers*. *See Morast v. Lance*, 807 F.2d 926, 929 (11th Cir. 1987). Yet none of the Plaintiffs is a federal officer. Indeed, MCA is not even a natural person; it is a private non-profit corporation. And Lichter and Bolduc are unpaid volunteers who serve on the board of a state charter school. Indeed, throughout their opposition, Plaintiffs contend that they are "not public officials" and "not directly answerable to a public official." Opp.15.

The FAC alleges that Lichter and Bolduc have "duties and obligations to uphold the U.S. constitution and laws of the United States," FAC ¶ 539, but Plaintiffs do not identify any such duties or obligations. And Lichter and

19

Bolduc are not federal officers just because MCA (like everyone else) must

comply with various federal laws—a legal proposition that is well-established.

*See Morast*, 807 F.2d at 929; MTD.31. Plaintiffs' opposition cites *Lewis v. News-*

*Press & Gazette Co.*, 782 F. Supp. 1338, 1341 (W.D. Mo. 1992), the only case

that has ever applied section 1985(1) to a non-federal officer. But even if that

out-of-circuit district court decision were binding precedent, *Lewis* "confined"

its ruling "strictly to the facts of th[at] case," which involved actions taken

against a state-court judge on account of his decisions interpreting the federal

constitution. *Id.* at 1343. Plaintiffs do not "hold[] a uniquely quasi-federal

position" that would justify extending that outlier decision here. *Id.* at 1342.

Accordingly, there is no legal basis for Plaintiffs' section 1985(1) claim,

and Plaintiffs should be sanctioned for repeatedly refusing to withdraw it.

## C. Plaintiffs' Federal RICO Claims Are Frivolous

Plaintiffs' insistence on asserting federal racketeering claims against

the Hillsdale Defendants is also sanctionable. Courts have rightly recognized

that "Rule 11's deterrence value is particularly important in the RICO context,

as the commencement of a civil RICO action has an almost inevitable

stigmatizing effect on those named as defendants." *Katzman v. Victoria's*

*Secret Catalogue*, 167 F.R.D. 649, 660 (S.D.N.Y. 1996) (internal citations and

quotation marks omitted), *aff'd sub nom. Katzman v. Victoria's Secret*

*Catalogue, Div. of The Ltd., Inc.*, 113 F.3d 1229 (2d Cir. 1997).

20

"[I]n order to establish a federal civil RICO violation under § 1962(c),
the plaintiffs must satisfy four elements of proof: (1) conduct (2) of an
enterprise (3) through a pattern (4) of racketeering activity." *Williams v.
Mohawk Indus., Inc.*, 465 F.3d 1277, 1282 (11th Cir. 2006). Here, Plaintiffs'
factual allegations do not come close to showing any of the RICO elements.

### 1. There is no factual or legal basis for claiming a RICO enterprise.

To successfully plead the existence of an associated-in-fact enterprise,
a plaintiff must allege that the enterprise possesses three qualities: (1) "a
purpose," (2) "relationships among those associated with the enterprise," and
(3) "longevity sufficient to permit these associates to pursue the enterprise's
purpose." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1352 (11th Cir. 2016)
(citation omitted). Although Plaintiffs allege that all Defendants are associated
with something the Plaintiffs call the "Optima Enterprise," the allegations do
not show that Hillsdale or Dr. Arnn shared a common purpose or acted as a
continuing unit with *any* other Defendant, much less all of them. Indeed, the
Hillsdale Defendants are not alleged to even have communicated with several
of the Defendants, including Yormak, Vickaryous, Durst, and Lewis.  In their
opposition, Plaintiffs baldly assert that the FAC is "replete with allegations
that [D]efendants were connected and had a common purpose," Opp.24–25, but

21

they do not identify any specific allegations in their 300-page shotgun pleading that could support that assertion—and there are none.

### 2. *There is no factual or legal basis for a claimed pattern of racketeering activity.*

Plaintiffs' racketeering allegations stand on an even flimsier basis. The FAC alleges that the Hillsdale Defendants committed two crimes that qualify as RICO predicates: extortion and wire fraud. *See* MTD.39. But the FAC does not contain a single factual allegation that even hints at extortion, *see* MTD.42–43. and Plaintiffs abandoned their extortion claim in their opposition. Opp.25–26. Plaintiffs' wire fraud claims are also frivolous because the only communication identified in the FAC that was allegedly part of a "scheme to defraud" was Dr. Arnn's August 6, 2019 letter attempting to rescind the termination of the Agreement. FAC ¶¶ 340, 530(D). The FAC provides no basis for inferring any fraudulent purpose from that innocuous email. MTD.41. Plaintiffs' opposition did not even attempt to explain how that letter misled Plaintiffs (or anyone else) or was part of a scheme to defraud anyone. Opp. 25–26. Plaintiffs have thus conceded that they have no factual or legal basis for accusing the Hillsdale Defendants of wire fraud.

### 3. *Plaintiffs identify no injury or damage to their business or property.*

A plaintiff "is only entitled to recover under RICO 'to the extent that[] he has been injured in his business or property by the conduct constituting the

violation.'" *Ray*, 836 F.3d at 1349. Yet the FAC does not identify any such injury to business or property. Even if Lichter and Bolduc had lost their board seats (which they did not), that would still be insufficient because a loss of "employment, employment opportunities, wages and other compensation, as well as personal injuries and actual physical harm" are not injuries to "business or property." *Townsend v. City of Miami*, 2007 WL 9710944, at *1–*2 (S.D. Fla. Nov. 7, 2007). Plaintiffs' opposition failed to identify a single factual allegation showing an injury to business or property and instead pointed to mere legal conclusions asserted in the FAC. Opp.26–27.

### 4. There is no factual or legal basis to claim a RICO conspiracy.

Finally, there is no factual or legal basis to claim a RICO conspiracy. "A plaintiff can establish a RICO conspiracy claim in one of two ways: (1) by showing that the defendant agreed to the overall objective of the conspiracy; or (2) by showing that the defendant agreed to commit two predicate acts." *Am. Dental Ass'n v. CIGNA Corp.*, 605 F.3d 1283, 1293 (11th Cir. 2010). But the FAC does not come close to alleging that there was an "enterprise" or that the Hillsdale Defendants agreed to commit even a single act of racketeering. *See* MTD.43–44. Nor have Plaintiffs alleged facts plausibly showing that Defendants "pose a threat of continued criminal activity." *Am. Dental Ass'n*, 605 F.3d at 1291. Thus, Plaintiffs have no basis for this claim.

23

\*    \*    \*

As this Court has recognized, "[r]easonable attorneys [should] *stop and think* before filing [civil RICO claims]." *Squitieri v. Nocco*, 2022 WL 1136885, at \*3 (M.D. Fla. Apr. 18, 2022). Plaintiffs' counsel apparently declined to do so here even though the Hillsdale Defendants repeatedly pointed out the complete lack of foundation for any RICO claim. Accordingly, the Court should not hesitate to sanction Plaintiffs and their counsel for asserting such a vexatious claim. *See id.* (imposing sanctions against attorney under Rule 11 for filing RICO claim that had no chance of success); *Parker v. Diverse Staffing Georgia, Inc.*, 2020 WL 10575029 (N.D. Ga. Dec. 23, 2020) (concluding that sanctions were merited when the plaintiff was put on notice of the deficiencies in its RICO claims and failed to cure them).[3]

### D. Plaintiffs' Defamation Claims are Frivolous

Plaintiffs assert defamation claims against all Defendants in Counts XV and XVII. "To state a claim of defamation, the plaintiff must allege that '(1) the defendant published a false statement (2) about the plaintiff (3) to a third party and (4) that the falsity of the statement caused injury to the plaintiff.'" *Alan v.*

---

[3] Plaintiffs state-law RICO claims are derivative of their federal claims and thus are equally frivolous. *Gross v. State*, 765 So. 2d 39, 42 (Fla. 2000) ("The Florida RICO statute was largely modeled after the Federal RICO Statute"); *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, 527 F. Supp. 2d 1355, 1364 (M.D. Fla. 2007) ("Claims under Florida's RICO act are analyzed in the same manner as claims under the federal RICO act.").

*Wells Fargo Bank, N.A.*, 604 F. App'x 863, 865 (11th Cir. 2015) (citation omitted). Plaintiffs' defamation claim is frivolous because the FAC does not identify *a single statement* made by either Hillsdale or Dr. Arnn that is supposedly defamatory. *See* MTD.46–48. In their opposition, Plaintiffs do not dispute the FAC's failure to allege a defamatory statement. They contend instead that the Hillsdale Defendants can be held liable for *other* Defendants' allegedly defamatory statements. Opp.27–28. But the FAC does not allege any facts suggesting that Hillsdale or Dr. Arnn directed or controlled any other speaker or conspired with any Defendant to engage in defamation. This claim is thus legally and factually baseless as to the Hillsdale Defendants.

## III. PLAINTIFFS' COUNSEL SHOULD BE SANCTIONED UNDER 28 U.S.C. § 1927.

A court may sanction an attorney under 28 U.S.C. § 1927, which provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." That is exactly what has occurred here.

As discussed above, the Hillsdale Defendants put Plaintiffs on notice their claims were nonstarters when they filed their first motion to dismiss. Notwithstanding the Hillsdale Defendants' explanation, Plaintiffs refused to withdraw the Complaint and instead filed their frivolous FAC. They again

refused to withdraw their claims in response to the Hillsdale Defendant's second motion to dismiss and service of the instant motion for sanctions. By filing an "egregious shotgun pleading" riddled with frivolous claims that violates the rule against claim-splitting, Plaintiffs' counsel has "unreasonably and vexatiously multiplied the proceedings," needlessly driving up Defendants' expenses. *Hazelton v. Christopher Nocco*, 2022 WL 18716740, at \*1 (M.D. Fla. May 2, 2022) (imposing sanctions under § 1927). The Court should thus require Plaintiffs' counsel to pay the Hillsdale Defendants' attorneys' fees.

## CONCLUSION

For the foregoing reasons, the Hillsdale Defendants respectfully move for sanctions and an award of attorney's fees under Rule 11 and 28 U.S.C. § 1927.

Dated: November 7, 2023                    Respectfully submitted,

                                           /s/ *Robert E. Dunn*
Ryan J. Walsh                              Robert E. Dunn
EIMER STAHL LLP                            EIMER STAHL LLP
10 East Doty Street,                       99 South Almaden Blvd.,
Suite 621                                  Suite 600
Madison, WI 53703                          San Jose, CA 95113
(608) 620-8345 (telephone)                 (408) 889-1690 (telephone)
(312) 692-1718 (facsimile)                 (312) 692-1718 (facsimile)
rwalsh@eimerstahl.com                      rdunn@eimerstahl.com

*Counsel for Defendants Hillsdale College, Inc. and Dr. Larry P. Arnn*

## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

On March 29, 2023, the undersigned sent an email to Plaintiffs' counsel informing Plaintiffs that the undersigned intended to file the motion above unless Plaintiffs' counsel dismissed the deficient claims asserted against Hillsdale College, Inc. and Dr. Arnn within 21 days. Plaintiffs did not withdraw their claims. On November 3, 2023, the undersigned sent Plaintiffs' counsel an email indicating that Hillsdale College, Inc. and Dr. Arnn intended to refile their motion pursuant to this Court's order issued September 22, 2023. Plaintiffs' counsel did not respond.

Dated: November 7, 2023

*/s/ Robert E. Dunn*
Robert E. Dunn

*Counsel for Defendants Hillsdale College, Inc., and Dr. Larry P. Arnn*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 7, 2023, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

<u>/s/ *Robert E. Dunn*</u>
Robert E. Dunn

*Counsel for Defendants Hillsdale College,
Inc., and Dr. Larry P. Arnn*